IN RE NATIONAL AIRLINES, INC. MATERN. LEAVE PRAC., ETC. 1405
Cite as 399 F.Supp. 1405 (1975)

SCHEDULE A—Continued

| | |
|---|---|
| Oscar B. Williams, et al. v. The United States of America, et al. | Civil Action No. Civ. S74–167 |
| Oma A. James v. The United States of America | Civil Action No. Civ. S74–175 |
| Bonnie L. Worthington v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74–174–TJM |
| Irving Gum v. The United States of America | Civil Action No. Civ. S74–607–TJM |
| Ruby Elaine Underwood v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74–173–TJM |
| Barbara Ann Ashburn v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74–162 |
| Northwestern National Insurance Group, et al. v. United States of America | Civil Action No. Civ. S75–50–TJM |
| Barbara E. Compton v. The United States of America, et al. | Civil Action No. Civ. S74–179 |
| County of Sacramento, etc. v. United States of America, et al. | Civil Action No. Civ. S74–538–TJM |
| Mary D. Bennett v. United States of America, et al. | Civil Action No. Civ. S74–561 |
| Leota F. Odle, et al. v. Southern Pacific Railroad Co., et al. | Civil Action No. Civ. S74–166 |



In re NATIONAL AIRLINES, INC. MATERNITY LEAVE PRACTICES AND FLIGHT ATTENDANT WEIGHT PROGRAM LITIGATION.

No. 218.

Judicial Panel on Multidistrict Litigation.

Aug. 29, 1975.

Proceedings were instituted on defendant's motion for an order transferring an action pending in the Eastern District of Virginia to the Southern District of Florida. The Judicial Panel on Multidistrict Litigation held that a civil rights action against an airline and a union brought in the Eastern District of Virginia and actions against the airline brought in the Southern District of Florida, charging discrimination against certain female airline employees in maternity leave practices, weight requirements, promotional policies and job classifications involved common questions of fact and transfer of the Virginia action to the Southern District of Florida would best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

Order accordingly.

1. Courts ⟸277.2

Civil rights action against airline and union pending in Eastern District of Virginia and civil rights actions against airline pending in Southern District of Florida, charging discrimination against female airline employees in maternity leave practices, weight requirements, promotional policies, and job classifications involved common questions of fact and transfer of the Virginia action to Southern District of Florida would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

2. Courts ⟸277.2

Need to eliminate possibility of overlapping class determinations presents compelling reason to bring actions pending in different districts together for pretrial in single jurisdiction. 28 U.S.C.A. § 1407.

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

---

* Although Judges Wisdom, Robson and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

PER CURIAM.

This litigation consists of four actions pending in two different districts: the *ALPA*, *Leonard* and *Johnson* actions in the Southern District of Florida and the *Gardner* action in the Eastern District of Virginia. National Airlines is named as a defendant in every action and the Air Line Pilots Association, the certified collective bargaining representative for all National flight attendants, is an additional defendant in *Leonard*. Two of the actions, *Gardner* and *Leonard*, are brought as class actions, the former on behalf of all females employed by National and the latter on behalf of National's female flight attendants only.[1]

Taken as a whole, the four complaints contain allegations that National violated Title VII of the Civil Rights Act of 1964 by discriminating against certain of its female employees in its maternity leave practices, weight requirements, promotional policies and job classifications. National's maternity leave policies, which are attacked in each of these actions, allegedly discriminate against females because pregnancy is not treated like other accidents or sicknesses suffered by National employees. More specifically, plaintiffs allege, pregnant employees are denied the use of sick leave, vacation time and other benefits that normally accrue to a National employee who is absent because of a non-pregnancy related illness. The *Leonard* complaint charges National with discrimination in maintaining a weight program that has more stringent requirements for female flight attendants than for male flight attendants and that is applied more strictly to female attendants. And some of the complaints include general allegations of discrimination by National in its promotional policies and job classification systems.

[1] National has moved the Panel for an order transferring the *Gardner* action to the Southern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending there. The Air Line Pilots Association and the plaintiffs in *Gardner* oppose transfer and, in the alternative, the latter suggest that the Eastern District of Virginia would be the most appropriate transferee forum. We find that these actions involve common questions of fact and that transfer of *Gardner* to the Southern District of Florida under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in *Gardner* concede the existence of common factual questions among these actions but nevertheless oppose transfer arguing that the differences in the various complaints preclude Section 1407 treatment. They also contend that transfer would be unduly inconvenient to them and would impose a financial hardship. The Air Line Pilots Association opposes the motion basically because it believes that discovery in *ALPA* is complete and that inclusion of the action in Section 1407 proceedings would delay trial therein.[2]

[2] As all parties recognize, every action shares common factual issues regarding National's maternity leave policies. Thus, transfer under Section 1407 is clearly necessary in order to prevent duplication of discovery. Any discovery unique to a particular action arising from differences among the actions can be scheduled by the transferee judge to proceed concurrently with the common discovery and thereby the litigation can proceed expeditiously in both arenas. See *In re Republic National-Realty Eq-*

---

1. The Air Line Pilots Association, plaintiff in *ALPA*, had initially sought class action relief on behalf of its individual female flight attendant members employed by National. The court in the Southern District of Florida has, however, dismissed that portion of *ALPA* and that action is now proceeding solely on the basis of alleged injury to the union.

2. National disputes the readiness for trial of that action.

IN RE NATIONAL AIRLINES, INC. MATERN. LEAVE PRAC., ETC. 1407
Cite as 399 F.Supp. 1405 (1975)

uities Securities Litigation, 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974). Moreover, since the alleged class in *Gardner* encompasses the alleged class in *Leonard*, the need to eliminate the possibility of overlapping class determinations presents another compelling reason to bring these actions together for pretrial in a single jurisdiction. *See In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation*, 391 F.Supp. 763, 764 (Jud.Pan.Mult.Lit.1975) and *In re Roadway Express Employment Practices Litigation*, 384 F.Supp. 612, 613 (Jud.Pan.Mult.Lit.1974).

We fail to see how the class of *Gardner* plaintiffs will suffer any inconvenience by transfer to Florida inasmuch as we are advised that the majority of them reside there. Besides, there is usually no need for the parties and witnesses ever to travel to the transferee court for pretrial proceedings. *See, e. g., Fed.R.Civ.P.* 45(d)(2). Furthermore, we are convinced that the *Gardner* plaintiffs will experience an overall savings of expenses as a result of transfer through cooperation with the other plaintiffs in this litigation in an effort to pool their resources with respect to common discovery matters.

Also, we are unable to determine from the record before us whether, in fact, *ALPA* is ready for trial. Since the action, however, would be pending before the transferee court regardless of the transfer we are herewith ordering, we believe that the question of *ALPA's* readiness for trial is more properly presented to the transferee judge. In any event, we find that the Air Line Pilots Association's concern about Section 1407 proceedings interfering with a timely trial in *ALPA* is wholly without merit because the very nature of coordinated or consolidated pretrial proceedings under Section 1407 is to ensure the most expeditious processing of the entire litigation. And if further pretrial proceedings are necessary in *ALPA*, whether and to what extent they will be coordinated or consolidated with those required in the other actions is solely within the discretion of the transferee judge. *See In re Equity Funding Corporation of America Securities Litigation*, 375 F.Supp. 1378, 1384 (Jud.Pan. Mult.Lit.1974).

Finally, we agree with National's suggestion of the Southern District of Florida as the appropriate transferee forum for this litigation. Three of the four actions in this litigation are already pending in that district and, since National is a Florida-based corporation, many of the relevant documents and witnesses are located there.

It is therefore ordered that the action on the following Schedule A pending in the Eastern District of Virginia be, and the same hereby is, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Norman C. Roettger, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A

Eastern District of Virginia

| | |
|---|---|
| Barbara Ann Gardner, et al. v. National Airlines, Inc. | Civil Action No. 75-329-A |

Southern District of Florida

| | |
|---|---|
| Air Line Pilots Association International v. National Airlines, Inc. | Civil Action No. 74-1149-Civ-JLK |
| Susan Gail Leonard, etc. v. National Airlines, et al. | Civil Action No. 75-719-Civ-PF |
| Barbara Baker Johnson v. National Airlines, Inc. | Civil Action No. 75-785-Civ-JLK |